DLD-286                                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2689
_____

IN RE: AKEEM R. GUMBS,
                                                            Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court of the Virgin Islands
(Related to D.V.I. Crim. No. 3-11-cr-00021-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
June 16, 2016
Before: CHAGARES, GREENAWAY, JR. and GARTH, Circuit Judges

(Opinion filed: September 6, 2016)
_____

OPINION[*]
_____

PER CURIAM

Akeem R. Gumbs petitions for a writ of mandamus directing the District Court of

the Virgin Islands to rule on a pending motion for summary judgment filed in connection

with Gumbs' motion to vacate, set aside, or correct his sentence filed pursuant to 28

U.S.C. § 2255.   We will deny the petition.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Gumbs filed a sixth amended § 2255 motion on October 5, 2015, and filed a motion for summary judgment on October 20, 2015. The government answered the § 2255 motion on December 7, 2015. On May 5, 2016, this Court denied a petition for a writ of mandamus that Gumbs filed seeking an order directing the District Court to hold an evidentiary hearing. See C.A. No. 16-1452. On May 6, 2016, the District Court referred Gumbs' § 2255 motion to a Magistrate Judge. Gumbs has now filed a petition for a writ of mandamus pursuant to 28 U.S.C. § 1651 seeking an order directing the District Court to act on the pending motion for summary judgment.

Mandamus is an appropriate remedy only in the most extraordinary situations. In re Pasquariello, 16 F.3d 525, 528 (3d Cir. 1994). To justify such a remedy, a petitioner must show that he has (1) no other adequate means of obtaining the desired relief and (2) a "clear and indisputable" right to issuance of the writ. Haines v. Liggett Grp., Inc., 975 F.2d 81, 89 (3d Cir. 1992) (citing Kerr v. United States District Court, 426 U.S. 394, 403 (1976)).

Here, Gumbs' § 2255 motion has only recently been referred to a Magistrate Judge. That referral is within the scope of the District Court's discretion to manage its docket. See In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982) ("[M]atters of docket control and conduct of discovery are committed to the sound discretion of the district court."). Nothing in the circumstances Gumbs has presented here meets the standard for mandamus relief. Cf. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), superseded in part on other grounds by 3d Cir. L.A.R. 24.1(c) (an appellate

2

court may issue a writ of mandamus when an "undue delay is tantamount to a failure to exercise jurisdiction[.]").  Presumably, the Magistrate Judge will make a recommendation to the District Court in due time.

For these reasons, we will deny the petition for a writ of mandamus.